UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X
                          :

IVAN SUAZO,                          :        Index No. 15-4885

                 Plaintiff,        :

                          :        **AMENDED**

                          :        **ANSWER AND**

       -against-             :        **CROSS-CLAIMS**

                          :

ZOEY MARTINSON, JONATHAN DAVID MARTIN, SMOKE :
AND MIRRORS COLLABORATIVE; THE ELYSABETH   :
KLEINHANS THEATRICAL FOUNDATION, INC. D/B/A  :
59E59 THEATRES, AND DOES 1-25,          :
                 Defendants.     :

                          :
-----------------------------------------------------------------------------X

        Defendant Elysabeth Kleinhans Theatrical Foundation, Inc. ("59E59"), by and

through its attorneys, Menaker & Herrmann LLP, for its answer to the Complaint of plaintiff

Ivan Suazo, alleges as follows:

          1.      The allegations in paragraph 1 of the complaint are legal conclusions that

do not require an admission or denial.

          2.      The allegations in paragraph 2 of the complaint are legal conclusions that

do not require an admission or denial.

          3.      The allegations in paragraph 3 of the complaint are legal conclusions that

do not require an admission or denial.

          4.      Denies having knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 4 of the complaint.

          5.      Denies having knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 5 of the complaint.

6.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint.

7.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint.

8.      Admits the allegations in paragraph 8 of the complaint.

9.      The allegations in paragraph 9 of the complaint are legal conclusions that do not require an admission or denial.

10.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint.

11.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint.

12.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint.

13.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint.

14.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint.

15.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint.

16.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint.

17.      The allegations in paragraph 17 of the complaint are legal conclusions that do not require an admission or denial.

18.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint.

19.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the complaint, except admits and avers that a play entitled Ndebele Funeral was presented at 59E59's theater, 59E59 Theaters pursuant to a License Agreement.

20.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the complaint.

21.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint.

22.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the complaint.

23.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the complaint.

24.     Denies the allegations in paragraph 24 of the complaint, except admits that a play entitled Ndebele Funeral was produced and performed by defendants Smoke and Mirrors Collaborative ("SMC"), Jonathan David Martin, and Zoey Martinson at the 59E59 Theaters, which is owned by 59E59.

25.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the complaint.

26.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the complaint, except admits to having received a

cease and desist letter from the Fried Firm dated September 26, 2014 in connection with the play Ndebele Funeral.

27.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the complaint.

28.     Denies the allegations in paragraph 28 of the complaint, except admits and avers that it responded to the Fried Firm's letter with a letter dated September 26, 2014, which is a document that speaks for itself.

29.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the complaint.

30.     Admits the allegations in paragraph 30 of the complaint.

31.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the complaint.

32.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the complaint.

33.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the complaint.

34.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the complaint.

35.     Denies the allegations in paragraph 35 of the complaint, except admits that SMC presented Ndebele Funeral at 59E59 Theaters on, *inter alia*, dates between September 26, 2014 and October 5, 2014.

36.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the complaint.

37.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the complaint.

38.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the complaint.

39.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the complaint.

40.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the complaint.

41.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the complaint.

42.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the complaint, except admits that this action has been commenced and that plaintiff corresponded with 59E59, and refers to that correspondence for the contents thereof.

43.     59E59 repeats and realleges every admission, denial, statement, and averment in paragraphs 1 through 42 of this answer with the same force and effect as though here set forth in full.

44.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the complaint, except admits that a certificate of registration for a copyright is annexed to the complaint as Exhibit A.

45.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the complaint.

46.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the complaint.

47.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the complaint.

48.     59E59 repeats and realleges every admission, denial, statement, and averment in paragraphs 1 through 47 of this answer with the same force and effect as though here set forth in full.

49.     Denies the allegations in paragraph 49 of the complaint, except admits and avers that plaintiff's counsel sent 59E59 a letter on September 26, 2014 and that 59E59 replied in a letter bearing that same date, and refers to that correspondence for the contents thereof.

50.     Denies the allegations in paragraph 50 of the complaint, except admits that SMC continued to present Ndebele Funeral after 59E59 received plaintiff's letter.

51.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the complaint, except admits and avers that Martinson stated that Ndebele Funeral was her own original work.

52.     Denies the allegations in paragraph 52 of the complaint.

53.     59E59 repeats and realleges every admission, denial, statement, and averment in paragraphs 1 through 52 of this answer with the same force and effect as though here set forth in full.

54.     Denies the allegations in paragraph 54 of the complaint, except admits that 59E59 received a license fee and other compensation pursuant to the terms of an agreement with SMC.

55.     Denies the allegations in paragraph 55 of the complaint.

56.     Denies the allegations in paragraph 56 of the complaint.

57.     59E59 repeats and realleges every admission, denial, statement, and averment in paragraphs 1 through 56 of this answer with the same force and effect as though here set forth in full.

58.     Denies the allegations in paragraph 58 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the complaint.

59.     Denies the allegations in paragraph 59 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the complaint.

60.     59E59 repeats and realleges every admission, denial, statement, and averment in paragraphs 1 through 59 of this answer with the same force and effect as though here set forth in full.

61.     Denies the allegations in paragraph 61 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the complaint.

62.     Denies the allegations in paragraph 62 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the complaint.

63.     Denies the allegations in paragraph 63 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the complaint.

64.     Denies the allegations in paragraph 64 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the complaint.

65.     Denies the allegations in paragraph 65 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the complaint.

66.     Denies the allegations in paragraph 66 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the complaint.

67.     Denies the allegations in paragraph 67 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the complaint.

68.     59E59 repeats and realleges every admission, denial, statement, and averment in paragraphs 1 through 67 of this answer with the same force and effect as though here set forth in full.

69.     Denies the allegations in paragraph 69 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the complaint.

70.     Denies the allegations in paragraph 70 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the complaint.

71.     Denies the allegations in paragraph 71 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the complaint.

72.     59E59 repeats and realleges every admission, denial, statement, and averment in paragraphs 1 through 71 of this answer with the same force and effect as though here set forth in full.

73.     Denies the allegations in paragraph 73 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the complaint.

74.     Denies the allegations in paragraph 74 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the complaint.

75.     Denies the allegations in paragraph 75 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the complaint.

76.     Denies the allegations in paragraph 76 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the complaint.

77.     Denies the allegations in paragraph 77 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the complaint.

78.     Denies the allegations in paragraph 78 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the complaint.

79.     Denies the allegations in paragraph 79 of the complaint.

80.     59E59 repeats and realleges every admission, denial, statement, and averment in paragraphs 1 through 79 of this answer with the same force and effect as though here set forth in full.

81.     Denies the allegations in paragraph 81 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the complaint.

82.     Denies the allegations in paragraph 82 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the complaint.

83.     59E59 repeats and realleges every admission, denial, statement, and averment in paragraphs 1 through 82 of this answer with the same force and effect as though here set forth in full.

84.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the complaint.

85.     Denies the allegations in paragraph 85 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the complaint.

86.     Denies the allegations in paragraph 86 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the complaint.

87.     The allegations in paragraph 87 of the complaint are legal conclusions that do not require an admission or denial.

88.     Denies the allegations in paragraph 88 of the complaint as to itself, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

89.     The complaint fails to make state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

90.     The causes of action in the complaint that arise under New York state law are preempted by federal law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

91.     59E59's contribution to any infringement by SMC was made innocently and without knowledge of the infringement.

## AS AND FOR A FIRST CROSS-CLAIM

### (Contractual indemnification)

92.     59E59 repeats and realleges every admission, denial, statement, and averment in paragraphs 1 through 91 of this answer with the same force and effect as though here set forth in full.

93.     59E59 entered into a contract (the "License Agreement") with SMC on February 10, 2014.

94.     Under the License Agreement, SMC leased a theater belonging to 59E59 from September 8, 2014 to October 5, 2014, for the purpose of producing and performing a play entitled Ndebele Funeral (the "Play").

95.     Under the License Agreement, SMC was to pay a fixed rent of $7,000.

96.     Under the License Agreement, SMC was to comply with all applicable laws, including copyright law.

97.     Under the License Agreement, SMC was to furnish 59E59 with evidence that SMC had the right to produce the Play, including rights to the script and any underlying rights to any materials in any form which could be considered under copyright.

98.     By way of evidence of SMC's right to produce the Play, SMC co-director Zoey Martinson told a representative of 59E59 that she had written the Play, and that SMC had previously produced the Play at a number of theaters.

99.     Under the License Agreement, SMC was to provide 59E59 with accurate information as to the authorship of the Play

100.    Under the License Agreement, SMC was to indemnify and hold 59E59 harmless against and from any claims of whatever nature arising from any act, omission, or negligence of SMC, its contractors, licensees, agents, servants, employees, invitees, or visitors.

101.    Plaintiff asserts that he is an author of the Play, that SMC did not have the right to produce the Play, and that in doing so it infringed his copyright.

102.    If a verdict or judgment is rendered against 59E59 by reason of SMC's copyright infringement, then 59E59 will have been injured by the acts, omissions, or negligence of SMC or its contractors, licensees, agents, servants, employees, invitees, or visitors.

103.    By reason of the foregoing, 59E59 is entitled to indemnification from and to have judgment against SMC, together with costs and disbursements of this action.

## AS AND FOR A SECOND CROSS-CLAIM

### (Breach of Contract)

104.    59E59 repeats and realleges every admission, denial, statement, and averment in paragraphs 1 through 103 of this answer with the same force and effect as though here set forth in full.

105.    If plaintiff is indeed an author of Play, then SMC breached its obligation under the License Agreement to provide 59E59 accurate information regarding the authorship of the Play.

106.    If SMC infringed plaintiff's copyright in the Play, then SMC breached its obligations under the License Agreement to provide accurate evidence of its right to produce the Play and to comply with all applicable laws.

107.    59E59 has been injured by SMC's breach of the License Agreement.

108.    By reason of the foregoing, 59E59 is entitled to have judgment against SMC, together with costs and disbursements of this action.

## AS AND FOR A THIRD CROSS-CLAIM

### (Contribution)

109.    59E59 repeats and realleges every admission, denial, statement, and averment in paragraphs 1 through 103 of this answer with the same force and effect as though here set forth in full.

110.    Plaintiff claims to have been injured by the joint conduct of SMC, Zoey Martinson, Jonathan David Martin, and 59E59.

111.    If plaintiff sustained damages as alleged in the Complaint through culpable conduct, negligence, fault or want of due care, other than plaintiff's own, such damages were due to and caused solely by the culpable conduct, negligence or want of care of co-defendants.

112.    If a verdict or judgment is rendered against 59E59 by reason of any acts or omissions alleged in the Complaint, such verdict or judgment will have been brought about by the culpable conduct, negligence, fault or want of care of co-defendants.

113.    By reason of the foregoing, 59E59 is entitled to contribution from co-defendants.

     **WHEREFORE**, 59E59 demands judgment in its favor (i) dismissing the Complaint as to it, (ii) awarding it judgment on its Cross-Claims in an amount to be determined at trial, plus interest (iii) awarding them costs and disbursements of this action, and (iv) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
     July 21, 2015

                     MENAKER & HERRMANN LLP

                     By: _____
                       Cheryl L. Davis
                       Attorneys for Defendant
                       The Elysabeth Kleinhans Theatrical
                         Foundation, Inc. d/b/a 59E59
                         Theaters
                     10 East 40th Street
                     New York, New York 10016
                     (212) 545-1900
                     (212) 545-1656 (fax)
                     cdavis@mhjur.com

TO:    THE FRIED FIRM PLLC
       231 Front Street, Suite 206
       Brooklyn, New York 11201

       SMOKE AND MIRRORS COLLABORATIVE
       275 Lefferts Avenue
       Brooklyn, NY 11225

       ZOEY MARTINSON
       946 Fulton Street
       Brooklyn, New York 11238

       JONATHAN DAVID MARTIN
       207 Lefferts Avenue
       Brooklyn, New York 11225