**THE FRIED FIRM**                                   PRIVATE & CONFIDENTIAL

August 7, 2015

VIA EMAIL & ECF

United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007
SullivanNYSDChambers@nysd.uscourts.gov
Courtroom 905

Re: *Suazo v. Martinson, et al.*; Civil Case No. 15-04885 (RJS)

Dear Judge Sullivan:

      We represent Plaintiff Ivan Suazo (hereinafter the "Suazo") in the above-referenced matter. We write in response to Defendant Zoey Martinson's August 7, 2015 email correspondence to the Court requesting a second extension of her time to answer Suazo's Complaint.

      We respectfully requests that Your Honor deny Martinson's second request for an extension of time because Martinson: (1) incorrectly stated that she has not been able to retain counsel; (2) has already enjoyed a two week extension to reply; (3) has once again failed to submit her requests to the Court via the Pro Se Office; and most importantly (4) has failed to mention that her purpose overseas this summer is, in large part, the continued knowing and willful infringement of the copyrighted material at the heart of this dispute.

      As a brief background on the matter at hand, Suazo authored a play called *Ndebele Funeral* (the "Play") in 2005. Suazo presented the Play to the public in 2005 and during this initial run, Martinson, an actress, performed the lead role in the Play.

      Nine years later, in September 2014, Suazo discovered that Martinson was producing and publicly performing an extended version of the Play, without Suazo's knowledge or permission, at an off-Broadway venue in New York City called 59E59 Theatre. In her extended version of the Play, Martinson copied from the Suazo's version of the Play, among other things: (i) over forty lines of verbatim dialogue, stage direction, and pace; (ii) the title: *Ndebele Funeral*; (iii) the names of the two lead characters: Daweti and Thabo; (iv) the specific setting and location: a shantytown in the township of Soweto, South Africa; (v) the specific details of the overarching plot: an HIV positive female named Daweti, living in Soweto, South Africa, who chooses to build a coffin rather than a home with supplies from the housing ministry. And her male friend, Thabo, who urges her to choose living over dying; (vi) the underlying conflict and character development: a young female named Daweti, who is stricken with the reality of living with HIV in South Africa, has given up hope, has not been taking her medications, has been smoking, and has chosen to use the supplies from the housing ministry to build herself a coffin in preparation for her own death instead of building a better home; (vii) the specific elements of the staging: including the characters' use of the coffin and shack onstage; and (viii) the

www.thefriedfirm.com

The Fried Firm PLLC
231 Front Street, Suite 206
Brooklyn, NY 11201
office: 718.422.0500
fax: 718.228.7603
shana@thefriedfirm.com

character sequence, names and plot pace: for example, the choice to have Daweti save her extra building materials for a person named Pamela.

Shortly after learning about Martinson's unauthorized use of the Play, we sent Martinson a letter demanding that she immediately cease and desist from any further performances of the Play.  Despite our clear position, Martinson continued her scheduled performances at 59E59 Theatre.  Then, upon completion of the performances at 59E59 Theatre, we engaged in over nine (9) months of negotiations with Martinson individually and through her attorneys that, unfortunately, yielded no resolution.

Upon conducting further research into Martinson's unauthorized use we discovered that she had also, in prior years, produced the Play at other venues and festivals, all without Suazo's knowledge or authorization.  We also learned that Martinson, who took no part in writing the Play, had undeservingly won numerous awards for the Play.

After exhaustive negotiations, Suazo felt confident that Martinson had heeded his demands and would no longer perform and produce the Play.  However, in June 2015 Suazo discovered that Martinson, despite knowing that she had no authorization to use the Play, scheduled a *twenty five show international tour* of the Play between July and August of 2015 at various locations including the National Arts Festival of South Africa, 969 Festival in Johannesburg, and Edinburgh Festival Fringe.  This egregious disregard by Martinson of Suazo's intellectual property rights left us no choice but to take immediate legal action and commence the action at hand.

As stated above, this morning, on August 7, 2015, we were copied on an email directed to Your Honor's attention by Martinson in which she requested a second extension of time to serve an answer on Suazo.  First, we do not take lightly to Martinson's offensive word choice in framing Suazo and his attorney, the undersigned, as liars.  To address the contents of her letter, Martinson fails to mention that as of July 11, 2015, Leila Amineddoleh of Galluzzo & Amineddoleh LLP, has represented herself as counsel for Martinson.[1]  The undersigned received correspondence on July 11, 2015 from Ms. Amineddoleh demanding that Suazo discontinue the within action and threatening to counterclaim.  We responded to Ms. Aminedeldoleh only to find out this morning that Martinson claims to have no representation.  A wiser use of Ms. Amindeddoleh may have been to draft and file an Answer within Martinson's graciously extended period of time.

As Your Honor is aware, the Court has already granted Martinson an extension of two weeks to appear in this matter.  As stated above, within said time she was successfully able to retain counsel to correspond with this firm but seems to have lacked the respect owing to the Court to direct her counsel to file an Answer.

Further, Martinson has once again failed to properly submit her documents to the Pro Se Office, despite being made expressly aware of such a requirement.

---

[1] Ms. Amineddoleh's July 11, 2015 is attached hereto as Exhibit A.

The Fried Firm PLLC
231 Front Street, Suite 206
Brooklyn, NY 11201
office: 718.422.0500
fax: 718.228.7603
www.thefriedfirm.com                                               shana@thefriedfirm.com

**THE FRIED FIRM**                                                      PRIVATE & CONFIDENTIAL

   Finally and of utmost importance, Martinson has not been entirely forthcoming in her letter regarding her purpose overseas.  While Martinson may be working with community centers in Africa, such affiliation is a direct result of her appropriation of Suazo's Play.  Moreover, we are explicitly aware that Martinson is overseas *at this moment* for the sole purpose of performing at least twenty-five iterations of the Play.  The mere fact that Martinson has requested an extension of time to continue her infringing activities is shocking.  Martinson has unrightfully benefitted from the Play for at least the past three years and now requests an extension of time so that she may complete yet another run of unauthorized performances on the international stage.

   Suazo has been very patient with Martinson through the duration of nine months of negotiation.  Unfortunately, Martinson's latest request falls very short of reasonable.

   For the reasons set forth herein, we respectfully request that Your Honor deny Martinson's request for an extension of time to file an answer.

Best Regards,

*[signature]*

Shana Fried, Esq.

cc:  Ivan Suazo
   *Plaintiff*
   Zoey Martinson
   *Defendant*
   Menaker & Hermann, LLP
   *Counsel for defendant 59E59*
   Debevoise & Plimpton
   *Counsel for defendants Jonathan David Martin & Smoke & Mirrors Collaborative*

The Fried Firm PLLC
231 Front Street, Suite 206
Brooklyn, NY 11201
office: 718.422.0500
fax: 718.228.7603
www.thefriedfirm.com  shana@thefriedfirm.com

# EXHIBIT A

## LETTER FROM L. AMINEDDOLEH JULY 11, 2015

**Galluzzo&Amineddoleh**LLP

350 Fifth Avenue, 59th Floor
New York, NY 10018

T  646 405 4903
Leila@ArtandIPLaw.com
www.ArtandIPLaw.com

July 11, 2015

Benjamin Korray, Esq.
231 Front Street, Suite 206
Brooklyn, NY 11201
everybody@thefriedfirm.com
VIA EMAIL

Dear Mr. Korray,

I am writing on behalf of Jonathan Martin and Zoey Martinson in regards to the play *Ndebele Funeral*. Our clients were surprised to be named in a lawsuit initiated by your client, Ivan Suazo. They were also alarmed that your law firm sent baseless cease and desist letters to theatre companies requesting that they stop all performances of *Ndebele Funeral*.

As intellectual property litigators, my partner and I were surprised to read your client's infringement allegations. Mr. Suazo wrote a brief ten-minute play during university at which time he was a classmate of Ms. Martinson's. Mr. Suazo's work is an 8-page play about having sexual relationships while infected with HIV. Ms. Martinson's play is an 80-minute full length production about assisted suicide, poverty, and policies surrounding these issues. The works are vastly divergent, and one of the only similarities between the two works if that one of the characters in the play builds a coffin for himself (although the motivations and the character development also differ greatly).

From the earliest iterations of copyright protection, it has been accepted that copyrights only protect the specific expression of an idea, not the idea itself. It is a fundamental tenet of copyright law, first expressed in *Baker v. Selden* that "only an author's original expression of an idea is protected; an idea itself may not be copyrighted." 101 U.S. 99 (1879). This principle is irrefutable and it was later codified in §102(b) of the Copyright Act of 1976, stating "In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." The Copyright Act explicitly prevents people from doing what Mr. Suazo is attempting to do; he is trying to exclude others from expressing an idea.

1

Mr. Suazo is attempting to exploit Ms. Martinson's acknowledgement of inspiration by her former classmate. Ms. Martinson acknowledged Mr. Suazo's short student assignment as an inspiration for her full-length play. But inspiration is different than infringement. A work infringes only when a "work as a whole or any substantial part of it has been copied." This determination is made on a case-by-case basis, and in the current situation, Ms. Martinson did not substantially copy from Mr. Suazo. Ms. Martinson may have found inspiration from Mr. Suazo's short work, but that does not rise to the level of infringement. Even the most original ideas borrow from old ones. As stated by Voltaire, "Originality is nothing but judicious imitation. The most original writers borrowed one from another." Indeed, the very purpose of the Copyright Act and the Constitution's Copyright Clause is to advance the diffusion of knowledge by incentivizing the creation and public dissemination of original works so others can build on those works and that knowledge.

Upon comparison of the two works, it is evident that Ms. Martinson's and Mr. Suazo's expressions are clearly different. Mr. Suazo wrote a 10-minute production, while our client's work is a full length play featuring different characters, a different script, and a different premise. There is no basis for Mr. Suazo to claim any type of copyright interest in Ms. Martinson's work.

Mr. Suazo's claims are harassing. With no reasonable basis in an infringement claim, his letters to performance venues rise to the level of tortious interference. Furthermore, Mr. Suazo's baseless lawsuit may be considered malicious persecution. Our client's play is scheduled to continue performances this summer, thus we seek to resolve this matter as soon as possible. We demand that Mr. Suazo immediately cease from communicating with our client's venues. If he does not comply with this request, our clients are prepared to bring claims against Mr. Suazo for tortious interference and malicious persecution, amongst other claims. However as our client prefers to resolve this matter and continue with the performance of this production, Ms. Martinson is willing to offer Mr. Suazo a nominal percentage of the performance receipts going forward.

Please contact me at the phone number or email address listed above to discuss settlement of this matter. I would be interested in discussing this situation with you in hopes of finding an outcome that benefits all parties involved in this transaction.

Sincerely,

*Leila Amineddoleh*

Leila A. Amineddoleh, Partner

2