Jeffrey P. Cunard (jpcunard@debevoise.com)
Olena V. Ripnick-O'Farrell (ovripnickofarrell@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Fax: (212) 909-6836

*Attorneys for Defendants Jonathan David Martin*
*and Smoke & Mirrors Collaborative*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| IVAN SUAZO | : |
| | : |
| | :    ECF CASE |
| Plaintiff, | : |
| | :    15 Civ. 4885 (RJS) |
| | : |
| vs. | :    ANSWER OF DEFENDANTS |
| | :    JONATHAN DAVID MARTIN AND |
| | :    SMOKE & MIRRORS |
| | :    COLLABORATIVE TO PLAINTIFF |
| ZOEY MARTINSON; JONATHAN DAVID | :    IVAN SUAZO'S COMPLAINT AND |
| MARTIN; SMOKE AND MIRRORS | :    DEFENDANT ELYSABETH |
| COLLABORATIVE; THE ELYSABETH | :    KLEINHANS THEATRICAL |
| KLEINHANS THEATRICAL FOUNDATION, | :    FOUNDATION, INC. D/B/A 59E59 |
| INC. D/B/A 59E59 THEATRES; AND DOES 1-25 | :    THEATRES' CROSSCLAIMS AND |
| | :    AFFIRMATIVE DEFENSES |
| | : |
| Defendants. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendants JONATHAN DAVID MARTIN ("Martin") and SMOKE & MIRRORS COLLABORATIVE ("SMC") (collectively, "Martin and SMC") by and through their undersigned attorneys for their Answer to the Complaint of Plaintiff IVAN SUAZO ("Plaintiff") and their Answer to the Crossclaims of Defendant THE ELYSABETH KLEINHANS THEATRICAL FOUNDATION, INC. D/B/A 59E59 THEATRES ("59E59"), state as follows:

## ANSWER OF DEFENDANTS MARTIN AND SMC TO PLAINTIFF'S COMPLAINT

### GENERAL DENIAL

Except as otherwise expressly admitted herein, Martin and SMC deny each and every allegation contained in the Complaint, including, without limitation, any allegations contained in the preamble, headings, or subheadings of the Complaint, and specifically deny any liability to Plaintiff.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, moreover, allegations in the Complaint to which no responsive pleading is required shall be considered denied.  Martin and SMC expressly reserve the right to seek to amend and/or supplement this Answer to the Complaint as may be necessary.

### RESPONSE TO SPECIFIC ALLEGATIONS

### PRELIMINARY STATEMENT

1.     Deny the allegations contained in paragraph 1 of the Complaint, except admit Plaintiff purports to bring this Action against Martin and SMC, Defendant ZOEY MARTINSON ("Martinson") and 59E59 (collectively, "Defendants") related to a play purportedly authored by Plaintiff (the "Suazo Play").

### JURISDICTION AND VENUE

2.     The allegations contained in paragraph 2 of the Complaint consist of legal conclusions to which no response is required.

2

3.      The allegations contained in paragraph 3 of the Complaint consist of legal conclusions to which no response is required.

## THE PARTIES

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.      Deny the allegations contained in paragraph 5 of the Complaint, except admit Martinson is an individual.

6.      Deny the allegations contained in paragraph 6 of the Complaint, except admit Martin is an individual who resides at 275 Lefferts Avenue, Brooklyn, New York, 11225.

7.      Deny the allegations contained in paragraph 7 of the Complaint, except admit SMC is a d/b/a of Martin individually in the State of New York and has its principal place of business at 275 Lefferts Avenue, Brooklyn, New York, 11225.  A copy of the SMC d/b/a Business Certificate is attached here as Exhibit 1.

8.      Upon information and belief admit the allegations contained in paragraph 8 of the Complaint.

9.      The allegations contained in paragraph 9 of the Complaint contain definitions to which no response is required.

## FACTS PERTINENT TO ALL CLAIMS

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except upon information and belief admit Plaintiff attended SUNY Purchase College and admit Plaintiff purports to have authored the Suazo Play, which includes as characters an HIV-positive woman named Daweti who lives

in a shack in Soweto and who has built a coffin and a character named Thabo.  Martin first received a copy of the Suazo Play, attached here as Exhibit 2, on July 9, 2015, when it was sent to him by the National Arts Festival of South Africa, which had, in turn, received it from Plaintiff's counsel on July 4, 2015.

11.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, except upon information and belief admit Plaintiff was a student at SUNY Purchase at the same time Martinson was a student in the acting program at SUNY Purchase.

12.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, except upon information and belief admit while Martinson was a student at SUNY Purchase, she participated, as a character named Daweti, in a performance of a play that Plaintiff alleges he wrote.

16.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, except admit Plaintiff annexed a copy of a purported copyright registration, dated September 22, 2014, to the Complaint as Exhibit A.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint relating to any other defendant, and otherwise deny the remaining allegations in paragraph 18 of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.  Martin and SMC object to the definition "Infringing Play" because it presumes a legal conclusion, and shall henceforth refer to the two versions of the play authored by Martinson, titled *Ndebele Funeral*, as "Martinson Play One" and "Martinson Play Two" (collectively, the "Martinson Play"), copies of which are attached here as Exhibit 3 and Exhibit 4, respectively.

20.     The allegations contained in paragraph 20 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC admit (i) the Martinson Play is titled *Ndebele Funeral*; (ii) Martinson Play One includes characters named Jan, Thabo and Daweti; (iii) the Martinson Play is set in the informal settlement Kliptown, a particular location within the township of Soweto; (iv) the Martinson Play includes a coffin as a prop; and (v) Martinson Play One includes the dialogue "I deserve a good coffin while I'm dying" and "You deserve a good roof while you're living," and (v) otherwise deny the remaining allegations in paragraph 20 of the Complaint.

21.     Deny the allegations contained in paragraph 21 of the Complaint, except admit Martinson Play One was presented over a five-performance run, from August 16, 2013 until

August 25, 2013, at Teatro Circulo, located at 64 East 4th Street, New York, NY 10003, in connection with the 17th Annual NY International Fringe.

22.    Deny the allegations contained in paragraph 22 of the Complaint, except admit Martinson Play One was presented over a five-performance run, from September 19, 2013 until September 29, 2013, at The Players Theatre, located at 115 Macdougal Street, New York, NY 10012, in connection with the Fringe Encore Series.

23.    Deny the allegations contained in paragraph 23 of the Complaint, except admit Martinson Play One was presented over a three-performance run, from January 10, 2014 until January 12, 2014, at The Clarks Studio Theater at Lincoln Center for Performing Arts, located at 70 Lincoln Center Plaza, New York, NY 10023, as part of the South Africa Onstage! series.

24.    Deny the allegations contained in paragraph 24 of the Complaint, except admit Martinson Play One was presented over a twenty-two performance run, from September 11, 2014 until October 5, 2014, at the venue 59E59 Theaters, located at 59 East 59th Street, New York, NY 10022.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.    Deny the allegations contained in paragraph 26 of the Complaint, except admit upon information and belief a letter from The Fried Firm about the Suazo Play was received by 59E59 on September 26, 2014, and admit a letter from The Fried Firm about the Suazo Play was received by email at smokemirrors.co@gmail.com, an email account to which both Martinson and Martin have access, on September 26, 2014.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.  Martin and SMC further aver (i) Martinson told Martin she received a letter in connection with the Suazo Play; (ii) Martinson told Martin the letter concerned her individually; and (iii) Martinson told Martin he did not need to take any action in connection with the letter.

28.     Admit upon information and belief that 59E59 sent a letter to The Fried Firm denying liability for producing Martinson Play One.

29.     Deny the allegations contained in paragraph 29 of the Complaint.  Martin and SMC further aver (i) Martinson told Martin she received a letter in connection with the Suazo Play; (ii) Martinson told Martin the letter concerned her individually; (iii) Martinson told Martin he did not need to take any action in connection with the letter; (iv) Martin did not review the letter; and (v) Martin and SMC were unaware that Plaintiff had directed any correspondence to them until this action was commenced on June 24, 2015.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, except admit upon information and belief that, on Martinson's behalf, an attorney corresponded with The Fried Firm in connection with a letter from The Fried Firm about the Suazo Play.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, except admit upon information and

belief Jeanne Drewson corresponded with The Fried Firm on Martinson's behalf in connection with the Martinson Play.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, except upon information and belief admit that on May 21, 2015 The Fried Firm sent Martinson a letter demanding she cease and desist from any and all use of the Martinson Play, that she pay Plaintiff's legal fees, and that she enter into a settlement agreement on the terms outlined in the letter.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, except admit upon information and belief that Martinson did not respond to the May 21, 2015 letter.

35.    Deny the allegations set forth in paragraph 35 of the Complaint, except admit Martinson Play One was presented at 59E59 Theaters from September 11, 2014, until October 5, 2014.

36.    Deny the allegations contained in paragraph 36 of the Complaint, except admit Defendants raised funds through a crowdsourcing platform called INDIEGOGO primarily to fund arts and advocacy workshops, including three weeks of theatre workshops for low-income students and young artists in South Africa, and collaborations with aid organizations, community centers and theaters, and used remaining funds to offset travel and housing costs for the cast and crew in presenting Martinson Play Two.

37.    Deny the allegations contained in paragraph 37 of the Complaint, except admit Martinson Play Two was performed at the 969 Festival and the Summerhall Summer Festival/Edinburgh Festival Fringe.

38.     Deny the allegations contained in paragraph 38 of the Complaint, except admit www.smokemirrors.org is the website of SMC and this website contains information about the Martinson Play.

39.     Deny the allegations contained in paragraph 39 of the Complaint, except admit Martinson Play One received the Fringe Overall Excellence Award for Best Play in 2013, and admit upon information and belief Martinson was nominated as a finalist for the Eugene O'Neill Center: National Playwrights Conference and the LARK's Playwright's Week.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint relating to any other defendant, and otherwise deny the remaining allegations in paragraph 40 of the Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, except admit that a credit for the Martinson Play, "Inspired by a short play by Ivan Suazo," appears on http://www.smokemirrors.org.

42.     Deny the allegations contained in paragraph 42 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint relating to 59E59, admit upon information and belief that Martinson was engaged in negotiations with The Fried Firm in connection with the Martinson Play, and aver Martin and SMC were unaware that Plaintiff had directed any correspondence to them until this action was commenced on June 24, 2015.

## AS AND FOR A FIRST CAUSE OF ACTION

**(Copyright Infringement as against defendants Martinson, Martin and SMC)**

43.    Martin and SMC repeat and reallege the answers set forth in the preceding paragraphs 1-42 as though fully set forth herein.

44.    The allegations contained in paragraph 44 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC admit Plaintiff annexed a copy of a purported copyright registration, dated September 22, 2014, to the Complaint as Exhibit A.

45.    The allegations contained in paragraph 45 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46.    The allegations contained in paragraph 46 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint relating to any other defendant, admit Martinson Play One was presented as set forth in paragraphs 21, 22, 23, 24 and 35 of this Answer and Martinson Play Two was presented as set forth in paragraph 37 of this Answer, admit they did not obtain Plaintiff's consent, and otherwise deny the allegations set forth in paragraph 46 of the Complaint.

47.    The allegations contained in paragraph 47 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 47 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 47 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Contributory Liability as against defendant 59E59)

48.   The second cause of action is not alleged against Martin and SMC, so Martin and SMC need not respond to paragraph 48 of the Complaint.  To the extent a response is required, Martin and SMC repeat and reallege the answers set forth in the preceding paragraphs 1-47 as though fully set forth herein.

49-52.  The second cause of action is not alleged against Martin and SMC, so Martin and SMC need not respond to paragraphs 49-52 of the Complaint.

## AS AND FOR THE THIRD CAUSE OF ACTION

### (Contributory Liability as against defendant 59E59)

53.   The third cause of action is not alleged against Martin and SMC, so Martin and SMC need not respond to paragraph 53 of the Complaint.  To the extent a response is required, Martin and SMC repeat and reallege the answers set forth in the preceding paragraphs 1-52 as though fully set forth herein.

54-56.  The third cause of action is not alleged against Martin and SMC, so Martin and SMC need not respond to paragraphs 54-56 of the Complaint.

## AS AND FOR THE FOURTH CAUSE OF ACTION

### (Willful Copyright Infringement)

57.   Martin and SMC repeat and reallege the answers set forth in the preceding paragraphs 1-56 as though fully set forth herein.

58.    The allegations contained in paragraph 58 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 58 of the Complaint.

59.    The allegations contained in paragraph 59 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 59 of the Complaint.

## AS AND FOR THE FIFTH CAUSE OF ACTION

### (Common Law Unfair Competition)

60.    Martin and SMC repeat and reallege the answers set forth in the preceding paragraphs 1-59 as though fully set forth herein.

61.    The allegations contained in paragraph 61 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 61 of the Complaint.

62.    The allegations contained in paragraph 62 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 62 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 62 of the Complaint.

63.     The allegations contained in paragraph 63 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 63 of the Complaint.

64.     The allegations contained in paragraph 64 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 64 of the Complaint.

65.     The allegations contained in paragraph 65 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 65 of the Complaint.

66.     The allegations contained in paragraph 66 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 66 of the Complaint.

67.     The allegations contained in paragraph 67 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 67 of the Complaint.

## AS AND FOR THE SIXTH CAUSE OF ACTION

### (False Advertising Under New York's General Business Law)

68.     Martin and SMC repeat and reallege the answers set forth in the preceding paragraphs 1-67 as though fully set forth herein.

69.     The allegations contained in paragraph 69 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 69 of the Complaint.

70.     The allegations contained in paragraph 70 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 70 of the Complaint.

71.     The allegations contained in paragraph 71 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 71 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 71 of the Complaint.

## AS AND FOR THE SEVENTH CAUSE OF ACTION

### (Deceptive Business Practices Under New York's General Business Law)

72.     Martin and SMC repeat and reallege the answers set forth in the preceding paragraphs 1-71 as though fully set forth herein.

73.     The allegations contained in paragraph 73 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 73 of the Complaint.

74.     The allegations contained in paragraph 74 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 74 of the Complaint.

75.     The allegations contained in paragraph 75 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 75 of the Complaint.

76.    The allegations contained in paragraph 76 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 76 of the Complaint.

77.    The allegations contained in paragraph 77 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 77 of the Complaint.

78.    The allegations contained in paragraph 78 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 78 of the Complaint.

79.    The allegations contained in paragraph 79 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 79 of the Complaint.

## AS AND FOR THE EIGHTH CAUSE OF ACTION

### (Unjust Enrichment)

80.    Martin and SMC repeat and reallege the answers set forth in the preceding paragraphs 1-79 as though fully set forth herein.

81.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint relating to any other defendant, and admit Martin and SMC have not paid Plaintiff with respect to the Martinson Play, but aver Plaintiff has been given credit with respect to the Martinson Play.

82.    The allegations contained in paragraph 82 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 82 of the Complaint.

## AS AND FOR THE NINTH CAUSE OF ACTION

### (Declaratory Judgment)

83.    Martin and SMC repeat and reallege the answers set forth in the preceding paragraphs 1-82 as though fully set forth herein.

84.    The allegations contained in paragraph 84 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny the allegations contained in paragraph 84 of the Complaint.

85.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint relating to any other defendant, admit (i)

a letter about the Suazo Play was received from The Fried Firm by email at the email account smokemirrors.co@gmail.com on September 26, 2014; and (ii) a letter about the Suazo Play was received from The Fried Firm by email at the email account smokemirrors.co@gmail.com on December 4, 2014; and aver (x) Martinson told Martin on or around December 4, 2014 that she had received a response in connection with her ongoing settlement negotiations with Plaintiff; (y) Martin and SMC were unaware that Plaintiff had directed any correspondence to them until this action was commenced on June 24, 2015; and (z) Martin did not read a copy of the December 4, 2014 letter until July 2015.  Further, Martin and SMC aver the Martinson Play is an original work of authorship that is the subject of a copyright registration No. Pau 3-512-090 with the Copyright Office of the United States dated August 9, 2010, attached here as Exhibit 5. Martin and SMC otherwise deny the allegations set forth in paragraph 85 of the Complaint.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint relating to any other defendant, admit (i) a letter about the Suazo Play was received from The Fried Firm by email at the email account smokemirrors.co@gmail.com on September 26, 2014; and (ii) a letter about the Suazo Play was received from The Fried Firm by email at the email account smokemirrors.co@gmail.com on December 4, 2014; and aver (w) Martinson told Martin the September 26, 2014 letter concerned her individually; (x) Martinson told Martin he did not need to take any action in connection with the September 26, 2014 letter; (y) Martinson told Martin on or around December 4, 2014 that she had received a response in connection with her ongoing settlement negotiations with Plaintiff; and (z) Martin and SMC were unaware that Plaintiff had directed any correspondence to them until this action was commenced on June 24, 2015. Martin and SMC otherwise deny the allegations set forth in paragraph 86 of the Complaint.

87.    The allegations contained in paragraph 87 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC admit that by Plaintiff's filing the Complaint, a controversy now exists between Plaintiff and Defendants, and otherwise deny the allegations set forth in paragraph 87 of the Complaint.

88.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint relating to any other defendant, and otherwise deny the allegations set forth in paragraph 88 of the Complaint.

## ANSWER OF DEFENDANTS MARTIN AND SMC TO DEFENDANT 59E59's CROSSCLAIMS

Except as otherwise expressly admitted herein, Martin and SMC deny each and every allegation contained in the Amended Answer and Cross Claims of 59E59 (the "59E59 Crossclaims"), including, without limitation, any allegations contained in the preamble, headings, or subheadings of the 59E59 Crossclaims, and specifically deny any liability to 59E59. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, moreover, allegations in the 59E59 Crossclaims to which no responsive pleading is required shall be considered denied. Defendants expressly reserve the right to seek to amend and/or supplement this Answer to the 59E59 Crossclaims as may be necessary.

## AS AND FOR THE FIRST CROSSCLAIM

### (Contractual Indemnification)

89.    Martin and SMC repeat and reallege the answers set forth in the preceding paragraphs 1-88 as though fully set forth herein.

90-92.  Intentionally left blank.

93.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the 59E59 Crossclaims, except admit 59E59 entered into a contract (the "License Agreement") with SMC.

94.    Admit the allegations contained in paragraph 94 of the 59E59 Crossclaims.

95.    Admit the allegations contained in paragraph 95 of the 59E59 Crossclaims.

96.    Deny the allegations contained in paragraph 96 of the 59E59 Crossclaims, except admit the License Agreement states: "TENTH: Compliance with Laws; Licenses. Licensor shall comply with all present and future laws and requirements of public authorities in respect of the Theater Building to the extent failure to do so may affect Licensee's rights hereunder. Licensee shall comply with all present and future laws and requirements of public authorities in respect of the Licensed Premises and the use and occupancy thereof or the abatement of any nuisance therein, in each case to the extent arising from Licensee's use. Licensee shall also obtain all governmental, quasi-governmental and other licenses, permits, etc. required for Licensee's use of the Premises, except that Licensor shall obtain all building permits and all certificates, consents, permits and approvals (e.g., certificate of occupancy, open flame permits and public assembly permit) necessary for the use of the Theater Building and the Licensed Premises for their intended purposes (except to the extent such permits are made necessary due to a particular production being presented by Licensee). Without limiting the foregoing, an employee or employees of Licensor shall be certified as, and perform the services of a fireguard, and Licensor will retain any required fireguard log books."

97.    Admit the allegations contained in paragraph 97 of the 59E59 Crossclaims.

98.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the 59E59 Crossclaims.

99.    Deny the allegations contained in paragraph 99 of the 59E59 Crossclaims, except admit the License Agreement states: "EIGHTEENTH: <u>Program</u>.   Licensee shall provide Licensor accurate material for a program concerning the Production, including without limitation actor, author, and director credits, sufficiently in advance of the Production to enable printing of the program by Licensor."

100.    Admit the allegations contained in paragraph 100 of 59E59 Crossclaims.

101.    The allegations contained in paragraph 101 of the 59E59 Crossclaims consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny the allegations contained in paragraph 101 of the 59E59 Crossclaims, except admit Plaintiff purports to be the author of the Suazo Play and in the Complaint alleges SMC infringed his copyright.

102.    The allegations contained in paragraph 102 of the 59E59 Crossclaims consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny the allegations contained in paragraph 102 of the 59E59 Crossclaims.

103.    The allegations contained in paragraph 103 of the 59E59 Crossclaims consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny the allegations contained in paragraph 103 of the 59E59 Crossclaims.

## AS AND FOR THE SECOND CROSSCLAIM

### (Breach of Contract)

104.   Martin and SMC repeat and reallege the answers set forth in the preceding paragraphs 1-103 as though fully set forth herein.

105.   The allegations contained in paragraph 105 of the 59E59 Crossclaims consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny the allegations contained in paragraph 105 of the 59E59 Crossclaims, except admit the License Agreement contains the language set forth in paragraph 96 of this Answer.

106.   The allegations contained in paragraph 106 of the 59E59 Crossclaims consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny the allegations contained in paragraph 106 of the 59E59 Crossclaims, except admit the License Agreement contains: (i) the language set forth in paragraph 93 of this Answer and (ii) "FIFTEENTH: Right to Produce.  Licensee shall furnish to Licensor evidence that Licensee has the right to produce the Production including the script and any underlying rights to any materials in any form which could be considered under copyright."

107.   The allegations contained in paragraph 107 of the 59E59 Crossclaims consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny the allegations contained in paragraph 107 of the 59E59 Crossclaims.

108.   The allegations contained in paragraph 108 of the Amended Answer and Cross-Claims of 59E59 consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny the allegations contained in paragraph 108 of the 59E59 Crossclaims.

### AS AND FOR THE THIRD CROSS-CLAIM

**(Contribution)**

109.   Martin and SMC repeat and reallege the answers set forth in the preceding paragraphs 1-108 as though fully set forth herein.

110.   Admit Plaintiff alleges in the Complaint that he was injured by the conduct of Martinson, Martin, SMC and 59E59.

111.   The allegations contained in paragraph 111 of the 59E59 Crossclaims consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the 59E59 Crossclaims relating to any other defendant, and otherwise deny the allegations contained in paragraph 111 of the 59E59 Crossclaims.

112.   The allegations contained in paragraph 112 of the 59E59 Crossclaims consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the 59E59 Crossclaims relating to any other defendant, and otherwise deny the allegations contained in paragraph 112 of the 59E59 Crossclaims.

113.   The allegations contained in paragraph 113 of the 59E59 Crossclaims consist of legal conclusions to which no response is required.  To the extent a response is required, Martin and SMC deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the 59E59 Crossclaims relating to any other

defendant, and otherwise deny the allegations contained in paragraph 113 of the 59E59 Crossclaims.

## AFFIRMATIVE DEFENSES OF DEFENDANTS MARTIN AND SMC

Martin and SMC set forth below their affirmative defenses.  Each defense is asserted as to all claims asserted against Martin and SMC in the Complaint and against Martin and SMC in the 59E59 Crossclaims.  By setting forth these affirmative defenses, Martin and SMC do not assume the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Plaintiff or Crossclaimant 59E59.  Martin and SMC do not in any way waive or limit any defenses which are or may be raised by its denials and averments.  These defenses are pled in the alternative, and are raised to preserve the rights of Martin and SMC to assert such defenses, and are without prejudice to Martin and SMC's ability to raise other and further defenses.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they are not the subject matter of copyright.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of scènes à faires.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the idea/expression dichotomy.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of substantial similarity because the Martinson Play is not substantially similar to the Suazo Play.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of fair use.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of express license.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of implied consent.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The causes of actions in the Complaint that arise under New York State law are preempted by Section 301 of the Copyright Act, 17 U.S.C. § 301.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, estoppel, laches, or acquiescence.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's New York State law claims are barred, in whole or in part, under the statute of limitations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Any infringement by Martin and SMC was innocent.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Any misrepresentations or falsities made by Martin and SMC were without intent or knowledge.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

59E59's Crossclaims are barred, in whole or in part, because Martin and SMC have no liability to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Martin and SMC respectfully request judgment: (a) dismissing the Complaint in its entirety with prejudice; (b) dismissing the Crossclaims in their entirety with prejudice; (c) awarding to Martin and SMC costs and attorneys' fees associated with the Complaint; and (d) for such other and further relief as the Court deems just and proper.


Dated: New York, New York
       September 3, 2015


                                    DEBEVOISE & PLIMPTON LLP


                                    /s/ Jeffrey P. Cunard
                                    Jeffrey P. Cunard
                                    Olena V. Ripnick-O'Farrell
                                    919 Third Avenue
                                    New York, New York 10022
                                    (212) 909-6000
                                    jpcunard@debevoise.com
                                    ovripnickofarrell@debevoise.com

                                    *Attorney for Jonathan Martin and*
                                    *Smoke & Mirrors Collaborative*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on this 3rd day of September, 2015, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, and notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system. The undersigned further certifies that, on this 3rd day of September, 2015, a copy of the foregoing was served via email upon Defendant Zoey Martinson, who consented in writing on the 3rd day of September, 2015 to service by electronic means pursuant to Fed. R. Civ. Pro. 5(b)(2)(E) at zoeymartinson@gmail.com.

<u>/s/ Olena V. Ripnick-O'Farrell</u>
Olena V. Ripnick-O'Farrell