Zoey Martinson (zoeymartinson@gmail.com)
Telephone: (917) 903-4809

*Defendant Pro Se*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/4/15
```

--------------------------------------------------------------x
                   :

IVAN SUAZO                      :

        Plaintiff,        :    15 Civ. 4885 (RJS)

                   :

                   :    ANSWER OF DEFENDANT
                   :    ZOEY MARTINSON
    TO         vs.      :    PLAINTIFF IVAN SUAZO'S
                   :    COMPLAINT AND DEFENDANT
                   :    ELYSABETH KLEINHANS
                   :    THEATRICAL FOUNDATION,
ZOEY MARTINSON; JONATHAN DAVID  :    INC. D/B/A 59E59 THEATRES'
MARTIN; SMOKE AND MIRRORS;     :    CROSSCLAIMS AND
COLLABORATIVE; THE ELYSABETH    :    AFFIRMATIVE DEFENSES
KLEINHANS THEATRICAL FOUNDATION,  :
INC. D/B/A 59E59 THEATRES; AND DOES 1-25 :
                   :
        Defendants.      :
                   :
--------------------------------------------------------------x

Defendant ZOEY MARTINSON ("Zoey Martinson"), appearing *pro se*, for her answer to

the Complaint of Plaintiff IVAN SUAZO ("Plaintiff"), and her Answer to the Crossclaims of the

Defendant THE ELYSABETH KLEINHANS THEATRICAL FOUNDATION, INC. D/B/A

59E59 THEATRES ("59E59") states as follows:

1

## ANSWER OF DEFENDANT ZOEY MARTINSON TO PLAINTIFF'S COMPLAINT

### GENERAL DENIAL

Except as otherwise expressly admitted herein, Zoey Martinson denies each and every allegation contained in the Complaint, including, without limitation, any allegations contained in the preamble, headings, or subheadings of the Complaint, and specifically denies any liability to Plaintiff. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, moreover, allegations in the Complaint to which no responsive pleading is required shall be considered denied. Zoey Martinson expressly reserves the right to seek to amend and/or supplement this Answer to the Complaint as may be necessary.

### RESPONSE TO SPECIFIC ALLEGATIONS

### PRELIMINARY STATEMENT

1.      Denies the allegations contained in paragraph 1 of the Complaint, except admits Plaintiff purports to bring this Action against Zoey Martinson and Defendants JONATHAN DAVID MARTIN ("Martin") and SMOKE & MIRRORS COLLABORATIVE ("SMC") related to a play purportedly authored by Plaintiff (the "Suazo Play").

### JURISDICTION AND VENUE

2.      The allegations in paragraph 2 of the Complaint consist of legal conclusions to which no response is required.

3.      The allegations in paragraph 3 of the Complaint consist of legal conclusions to which no response is required.

**THE PARTIES**

4.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.    Denies the allegations in paragraph 5 of the Complaint, except admits that Zoey Martinson is an individual.

6.    Denies the allegations in paragraph 6 of the Complaint, except admits that Martin is an individual who resides at 275 Lefferts Avenue, Brooklyn, New York, 11225.

7.    Denies the allegations in paragraph 7 of the Complaint, except admits SMC is a d/b/a of Martin individually in the State of New York and has its principal place of business at 275 Lefferts Avenue, Brooklyn, New York, 11225.

8.    Upon information and belief admits the allegations in paragraph 8 of the Complaint.

9.    The allegations in paragraph 9 of the Complaint consist of legal conclusions to which no response is required.

**FACTS PERTINENT TO ALL CLAIMS**

10.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, except admits that Plaintiff attended SUNY Purchase College in 2005 and admits that Plaintiff purports to have authored the Suazo Play, which includes as characters an HIV-positive woman named Daweti who lives in a shack in Soweto and who has built a coffin and a character named Thabo.

11.    Admits the allegations in paragraph 11 of the Complaint.

3

12.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, except admits that Zoey Martinson rehearsed and performed a short play (approximately 10 minutes in length) entitled Ndebele Funeral (the "2005 Play") in 2005. A copy of the 2005 Play is attached here as Exhibit 1.

15.     Denies the allegations in paragraph 15 of the Complaint, except admits that while she was a student at SUNY Purchase, she participated, as a character named Daweti, in a performance of a play that Plaintiff alleges he wrote.

16.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, except admits Plaintiff annexed a copy of a purported copyright registration, dated September 22, 2014, to the Complaint as Exhibit A.

18.     Denies the allegations in paragraph 18 of the Complaint.

19.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, except admits that beginning in June 2013 Zoey Martinson posted numerous status updates on her Facebook page announcing the presentation of two versions of the play authored by her, titled Ndebele Funeral, in various

venues including, in September 2014, at a theatre called 59E59 Theaters. Zoey Martinson objects to the definition "Infringing Play" because it presumes a legal conclusion, and shall henceforth refer to the two versions of the play authored by Zoey Martinson, titled Ndebele Funeral, as "Martinson Play One" and "Martinson Play Two" (collectively, "Martinson's Play"), copies of which are attached here as Exhibit 2 and Exhibit 3, respectively.

20.     The allegations contained in paragraph 20 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson admits (i) Martinson's Play is titled Ndebele Funeral; (ii) Martinson Play One includes characters named Jan, Thabo and Daweti; (iii) Martinson's Play is set in the informal settlement Kliptown, a particular location within the township of Soweto; (iv) Martinson Play includes a coffin as a prop; and (v) Martinson Play One includes the dialogue "I deserve a good coffin while I'm dying" and "You deserve a good roof while you're living," and (v) otherwise denies the remaining allegations in paragraph 20 of the Complaint.

21.     Denies the allegations in paragraph 21 of the Complaint, except admits that Martinson Play One was presented over a five-performance run, from August 16, 2013 until August 25, 2013, at Teatro Circulo, located at 64 East 4th Street, New York, NY 10003, in connection with the 17th Annual NY International Fringe.

22.     Denies the allegations in paragraph 22 of the Complaint, except admits that Martinson Play One was presented over a five-performance run, from September 19, 2013 until September 29, 2013, at The Players Theatre, located at 115 Macdougal Street, New York, NY 10012, in connection with the Fringe Encore Series.

23.     Denies the allegations in paragraph 23 of the Complaint, except admits that Martinson Play One was presented over a three-performance run, from January 10, 2014 until January 12, 2014, at The Clarks Studio Theater at Lincoln Center for Performing Arts, located at 70 Lincoln Center Plaza, New York, NY 10023, as part of the South Africa Onstage! series.

24.     Denies the allegations in paragraph 24 of the Complaint, except admits that SMC produced, sold tickets for, and collected revenue from, Martinson's Play over a twenty-five performance run, from September 11, 2014 until October 5, 2014, at the 59E59 Theaters.

25.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.     Denies the allegations in paragraph 26 of the Complaint, except admits upon information and belief a letter from The Fried Firm about the Suazo Play was received by 59E59 on September 26, 2014, and admits a letter from The Fried Firm about the Suazo Play was received by email at zoeymartinson@gmail.com on September 26, 2014.

27.     Denies the allegations in paragraph 27 of the Complaint, except admits and avers that she responded to The Fried Firm's letter with a telephone call on September 26, 2014 and in an email message on October 2, 2014.

28.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, except admits upon information and belief that 59E59 sent a letter to The Fried Firm denying liability for producing Martinson Play One.

29.     Denies the allegations in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, except admits the 59E59 sent Martinson the The Fried Firm's letter on Dec. 23, 2015, which document speaks for itself.

31. Denies the allegations in paragraph 31 of the Complaint, except admits and avers that attorneys Feldman, Golinski, Reedy + Senouf, PLLC sent an email message to The Fried Firm on or about October 2, 2014, which is a document that speaks for itself.

32. Denies the allegations in paragraph 32 of the Complaint, except admits and avers that beginning on or about December 4, 2014 and continuing until May 21, 2015, Jeanne Drewsen communicated with The Fried Firm with phone calls and email messages, and Zoey Martinson sent one letter to Plaintiff in care of The Fried Firm in this connection, and Zoey Martinson refers to that correspondence for the contents thereof.

33. Denies the allegations in paragraph 33 of the complaint, except admits that on May 21, 2015 The Fried Firm sent an email to Zoey Martinson with a letter attached, each of which is a document that speaks for itself.

34. Admits the allegations in paragraph 34 of the Complaint.

35. Denies the allegations in paragraph 35 of the Complaint, except admits , except admits that Martinson Play One was presented at 59E59 Theaters from September 11, 2014, until October 5, 2014.

36. Denies the allegations in paragraph 36 of the Complaint, except admits Defendants raised funds through a crowdsourcing platform called INDIEGOGO primarily to fund arts and advocacy workshops, including three weeks of theatre workshops for low-income students and young artists in South Africa, and collaborations with aid organizations, community

7

centers and theaters, and used remaining funds to offset travel and housing costs for the cast and crew in presenting Martinson Play Two.

37.     Denies the allegations in paragraph 37 of the Complaint, except admits that Martinson Play Two was performed at the 969 Festival and the Summerhall Summer Festival/Edinburgh Festival Fringe.

38.     Denies the allegations in paragraph 38 of the Complaint, except admits www.smokemirrors.org is the website of SMC and this website contains information about Martinson's Play.

39.     Denies the allegations in paragraph 39 of the Complaint, except admits Martinson Play One received the Fringe Overall Excellence Award for Best Play in 2013, and was selected as a finalist for the Eugene O'Neill Center National Playwrights Conference and the LARK's Playwright's Week.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint relating to any other defendant, and otherwise denies the remaining allegations in paragraph 40 of the Complaint.

41.     Denies the allegations in paragraph 41 of the Complaint, except admits that a credit for Martinson's Play, "Inspired by a short play by Ivan Suazo," appears on http://www.smokemirrors.org.

42.     Denies the allegations in paragraph 42 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint relating to 59E59, and admits that this action has been commenced and that Zoey Martinson and others on her behalf communicated with Plaintiff

Suazo and his attorneys, and refers to the correspondence included in such communications for the contents thereof.

## AS AND FOR A FIRST CAUSE OF ACTION

**(Copyright Infringement as against defendant 59E59, Zoey Martinson, Martin and SMC)**

43.     Zoey Martinson repeats and realleges the answers set forth in the preceding paragraphs 1 through 42 as though fully set forth herein.

44.     The allegations contained in paragraph 44 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson admits Plaintiff annexed a copy of a purported copyright registration, dated September 22, 2014, to the Complaint as Exhibit A.

45.     The allegations contained in paragraph 45 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46.     The allegations contained in paragraph 46 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson admits Martinson Play One was presented as set forth in paragraphs 21, 22, 23, 24 and 35 of this Answer and Martinson Play Two was presented as set forth in paragraph 37 of this Answer, admits she and the other defendants did not obtain Plaintiff's consent, and otherwise denies the allegations set forth in paragraph 46 of the Complaint.

47.     Denies the allegations in paragraph 47 of the Complaint, except admits that in 2005 Zoey Martinson performed in a production of the 2005 Play.


## AS AND FOR A SECOND CAUSE OF ACTION

### (Contributory Liability as against defendant 59E59)

48.     The second cause of action is not alleged against Zoey Martinson, so Zoey Martinson need not respond to paragraph 48 of the Complaint. To the extent a response is required, Zoey Martinson repeats and realleges the answers set forth in the preceding paragraphs 1-47 as though fully set forth herein.

49-52.  The second cause of action is not alleged against Zoey Martinson, so Zoey Martinson need not respond to paragraphs 49-52 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Contributory Liability as against defendant 59E59)

53.     The third cause of action is not alleged against Zoey Martinson, so Zoey Martinson need not respond to paragraph 53 of the Complaint. To the extent a response is required, Zoey Martinson repeats and realleges the answers set forth in the preceding paragraphs 1-52 as though fully set forth herein.

54-56.  The third cause of action is not alleged against Zoey Martinson, so Zoey Martinson need not respond to paragraphs 54-56 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Willful Copyright Infringement)

10

57.   Zoey Martinson repeats and realleges the answers set forth in the preceding paragraphs 1 through 56 as though fully set forth herein.

58.   The allegations contained in paragraph 58 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 58 of the Complaint.

59.   The allegations contained in paragraph 59 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 59 of the Complaint.

## AS AND FOR THE FIFTH CAUSE OF ACTION

### (Common Law Unfair Competition)

60.   Zoey Martinson repeats and realleges the answers set forth in the preceding paragraphs 1 through 59 as though fully set forth herein.

61.   The allegations contained in paragraph 61 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 61 of the Complaint.

62.     The allegations contained in paragraph 62 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations 13 contained in paragraph 62 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 62 of the Complaint.

63.     The allegations contained in paragraph 63 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 63 of the Complaint.

64.     The allegations contained in paragraph 64 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 64 of the Complaint.

65.     The allegations contained in paragraph 65 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 65 of the Complaint.

66.     The allegations contained in paragraph 66 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey

Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 66 of the Complaint.

67. The allegations contained in paragraph 67 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 67 of the Complaint.

## AS AND FOR THE SIXTH CAUSE OF ACTION

### (False Advertising Under New York's General Business Law)

68. Zoey Martinson repeats and realleges the answers set forth in the preceding paragraphs 1 through 67 as though fully set forth herein.

69. The allegations contained in paragraph 69 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 69 of the Complaint.

70. The allegations contained in paragraph 70 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 70 of the Complaint.

71.    The allegations contained in paragraph 71 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 71 of the Complaint.

## AS AND FOR THE SEVENTH CAUSE OF ACTION

### (Deceptive Business Practices Under New York's General Business Law)

72.    Zoey Martinson repeats and realleges the answers set forth in the preceding paragraphs 1 through 71 as though fully set forth herein.

73.    The allegations contained in paragraph 73 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 73 of the Complaint.

74.    The allegations contained in paragraph 74 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 74 of the Complaint.

75.    The allegations contained in paragraph 75 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey

Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 75 of the Complaint.

76.     The allegations contained in paragraph 76 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 76 of the Complaint.

77.     The allegations contained in paragraph 77 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 77 of the Complaint.

78.     The allegations contained in paragraph 78 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 78 of the Complaint.

79.     The allegations contained in paragraph 79 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 79 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 79 of the Complaint.

## AS AND FOR THE EIGHTH CAUSE OF ACTION

### (Unjust Enrichment)

80.     Zoey Martinson repeats and realleges the answers set forth in the preceding paragraphs 1 through 79 as though fully set forth herein.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint relating to any other defendant, and admits Zoey Martinson has not paid Plaintiff with respect to Martinson's Play, but avers Plaintiff has been given credit with respect to Martinson's Play.

82.     The allegations contained in paragraph 82 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 82 of the Complaint.

## AS AND FOR THE NINTH CAUSE OF ACTION

### (Declaratory Judgment)

83.     Zoey Martinson repeats and realleges the answers set forth in the preceding paragraphs 1 through 82 as though fully set forth herein.

84.     The allegations contained in paragraph 84 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies the allegations contained in paragraph 84 of the Complaint.

85.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint relating to any other defendant, admits (i) a letter about the Suazo Play was received from The Fried Firm by email at the email account zoeymartinson@gmail.com on September 26, 2014; and (ii) a letter about the Suazo Play was received from The Fried Firm by email at the email account zoeymartinson@gmail.com on December 4, 2014. Further, Zoey Martinson avers that Martinson's Play is an original work of authorship that is the subject of a copyright registration No. Pau 3-512-090 with the Copyright Office of the United States dated August 9, 2010. Zoey Martinson otherwise denies the allegations set forth in paragraph 85 of the Complaint.

86.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 86 of the Complaint.

87.    The allegations contained in paragraph 87 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson admits that by Plaintiff's filing the Complaint, a controversy now exists between Plaintiff and Defendants, and otherwise denies the allegations set forth in paragraph 87 of the Complaint.

88.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in paragraph 88 of the Complaint.

## ANSWER OF DEFENDANT ZOEY MARTINSON TO DEFENDANT 59E59's CROSSCLAIMS

Except as otherwise expressly admitted herein, Zoey Martinson denies each and every allegation contained in the Amended Answer and Cross Claims of 59E59 (the "59E59 Crossclaims"), including, without limitation, any allegations contained in the preamble, headings, or subheadings of the 59E59 Crossclaims, and specifically denies any liability to 59E59. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, moreover, allegations in the 59E59 Crossclaims to which no responsive pleading is required shall be considered denied. Defendants expressly reserve the right to seek to amend and/or supplement this Answer to the 59E59 Crossclaims as may be necessary.

## AS AND FOR THE FIRST CROSSCLAIM

### (Contractual Indemnification)

89.     Zoey Martinson repeats and realleges the answers set forth in the preceding paragraphs 1-88 as though fully set forth herein.

90-92. Intentionally left blank.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the 59E59 Crossclaims, except admits 59E59 entered into a contract (the "License Agreement") with SMC.

94.     Admits the allegations contained in paragraph 94 of the 59E59 Crossclaims.

95.     Admits the allegations contained in paragraph 95 of the 59E59 Crossclaims.

96.    Denies the allegations contained in paragraph 96 of the 59E59 Crossclaims, except admits the License Agreement states: "TENTH: Compliance with Laws; Licenses. Licensor shall comply with all present and future laws and requirements of public authorities in respect of the Theater Building to the extent failure to do so may affect Licensee's rights hereunder. Licensee shall comply with all present and future laws and requirements of public authorities in respect of the Licensed Premises and the use and occupancy thereof or the abatement of any nuisance therein, in each case to the extent arising from Licensee's use. Licensee shall also obtain all governmental, quasi-governmental and other licenses, permits, etc. required for Licensee's use of the Premises, except that Licensor shall obtain all building permits and all certificates, consents, permits and approvals (e.g., certificate of occupancy, open flame permits and public assembly permit) necessary for the use of the Theater Building and the Licensed Premises for their intended purposes (except to the extent such permits are made necessary due to a particular production being presented by Licensee). Without limiting the foregoing, an employee or employees of Licensor shall be certified as, and perform the services of a fireguard, and Licensor will retain any required fireguard log books."

97.    Admits the allegations contained in paragraph 97 of the 59E59 Crossclaims.

98.    Denies the allegations contained in paragraph 98 of the 59E59 Crossclaims, except admits that Zoey Martinson told a representative of 59E59 that she had written Martinson's Play, and that SMC had previously produced the Play in theaters.

99.    Denies the allegations contained in paragraph 99 of the 59E59 Crossclaims, except admits the License Agreement states: "EIGHTEENTH: Program. Licensee

shall provide Licensor accurate material for a program concerning the Production, including without limitation actor, author, and director credits, sufficiently in advance of the Production to enable printing of the program by Licensor."

100.   Admits the allegations contained in paragraph 100 of 59E59 Crossclaims.

101.   The allegations contained in paragraph 101 of the 59E59 Crossclaims consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies the allegations contained in paragraph 101 of the 59E59 Crossclaims, except admits Plaintiff purports to be the author of the Suazo Play and in the Complaint alleges SMC infringed his copyright.

102.   The allegations contained in paragraph 102 of the 59E59 Crossclaims consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies the allegations contained in paragraph 102 of the 59E59 Crossclaims.

103.   The allegations contained in paragraph 103 of the 59E59 Crossclaims consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies the allegations contained in paragraph 103 of the 59E59 Crossclaims.

## AS AND FOR THE SECOND CROSSCLAIM

### (Breach of Contract)

104.   Zoey Martinson repeats and realleges the answers set forth in the preceding paragraphs 1-103 as though fully set forth herein.

105.    The allegations contained in paragraph 105 of the 59E59 Crossclaims consist of legal conclusions to which no response is required.

106.    The allegations contained in paragraph 106 of the 59E59 Crossclaims consist of legal conclusions to which no response is required.

107.    The allegations contained in paragraph 107 of the 59E59 Crossclaims consist of legal conclusions to which no response is required.

108.    The allegations contained in paragraph 108 of the Amended Answer and Crossclaims of 59E59 consist of legal conclusions to which no response is required.

## AS AND FOR THE THIRD CROSS-CLAIM

### (Contribution)

109.    Zoey Martinson repeats and realleges the answers set forth in the preceding paragraphs 1-108 as though fully set forth herein.

110.    Admits Plaintiff alleges in the Complaint that he was injured by the conduct of Zoey Martinson, Martin, SMC and 59E59.

111.    The allegations contained in paragraph 111 of the 59E59 Crossclaims consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the 59E59 Crossclaims relating to any other defendant, and otherwise denies   the allegations contained in paragraph 111 of the 59E59 Crossclaims.

112.    The allegations contained in paragraph 112 of the 59E59 Crossclaims consist of legal conclusions to which no response is required. To the extent a response is

required, Zoey Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the 59E59 Crossclaims relating to any other defendant, and otherwise denies the allegations contained in paragraph 112 of the 59E59 Crossclaims.

113.    The allegations contained in paragraph 113 of the 59E59 Crossclaims consist of legal conclusions to which no response is required. To the extent a response is required, Zoey Martinson denies the allegations contained in paragraph 113 of the 59E59 Crossclaims.

### AFFIRMATIVE DEFENSES OF DEFENDANT ZOEY MARTINSON

Zoey Martinson sets forth below her affirmative defenses. Each defense is asserted as to all claims asserted against Zoey Martinson in the Complaint and against Zoey Martinson in the 59E59 Crossclaims. By setting forth these affirmative defenses, Zoey Martinson does not assume the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Plaintiff or Crossclaimant 59E59. Zoey Martinson does not in any way waive or limit any defenses which are or may be raised by its denials and averments. These defenses are pled in the alternative, and are raised to preserve the rights of Zoey Martinson to assert such defenses, and are without prejudice to Zoey Martinson's ability to raise other and further defenses.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they are not the subject matter of copyright.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of scènes à faires.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the idea/expression dichotomy.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of substantial similarity because Martinson's Play is not substantially similar to the 2005 Play or the Suazo Play.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of fair use.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of express license.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of implied consent.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The causes of actions in the Complaint that arise under New York State law are preempted by Section 301 of the Copyright Act, 17 U.S.C. § 301.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, estoppel, laches, or acquiescence.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's New York State law claims are barred, in whole or in part, under the statute of limitations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Any infringement by Zoey Martinson was innocent.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Any misrepresentations or falsities made by Zoey Martinson were without intent or knowledge.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

59E59's Crossclaims are barred, in whole or in part, because Zoey Martinson has no liability to Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE**, Zoey Martinson respectfully requests judgment: (a) dismissing the Complaint in its entirety with prejudice; (b) dismissing the Crossclaims in their entirety with prejudice; (c) awarding to Zoey Martinson costs and attorneys' fees associated with the Complaint; and (d) for such other and further relief as the Court deems just and proper.

Dated: New York, NY
          September 4, 2015

                                        Respectfully,

                                        _____
                                        Zoey Martinson, *Defendant Pro Se*
                                        339 Lincoln Place
                                        New York, New York
                                        Telephone: (917) 903-4809
                                        zoeymartinson@gmail.com