**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IVAN SUAZO, | |
| Plaintiff, | No. 15 Civ. 4885 (RJS) |
| -against- | ECF CASE |
| ZOEY MARTINSON; JONATHAN DAVID MARTIN; SMOKE AND MIRRORS COLLABORATIVE; THE ELYSABETH KLEINHANS THEATRICAL FOUNDATION, INC. d/b/a 59E59 THEATERS; AND DOES 1-25, | **JURY TRIAL REQUESTED** |
| Defendants. | |

**DEFENDANT ZOEY MARTINSON'S (1) AMENDED ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT, (2) AMENDED ANSWER AND DEFENSES TO DEFENDANT ELYSABETH KLEINHANS THEATRICAL FOUNDATION, INC.'S AMENDED CROSS-CLAIMS, AND (3) COUNTERCLAIM**

Defendant ZOEY MARTINSON, by her attorneys, Cravath, Swaine & Moore

LLP, hereby answers the Complaint of Plaintiff IVAN SUAZO ("Plaintiff"), filed on June 24,

2015 (Dkt. 1) (the "Complaint"), and the amended cross-claims of the Defendant THE

ELYSABETH KLEINHANS THEATRICAL FOUNDATION, INC. D/B/A 59E59 THEATRES

("59E59"), filed on July 21, 2015 (Dkt. 11) (the "Cross-Claims"), asserts her affirmative and

other defenses, and asserts her counterclaim. Except as otherwise expressly set forth below,

Martinson denies each and every allegation contained in the Complaint and Cross-Claims,

including without limitation the preamble, headings, and sub-headings, and specifically denies

any liability to Plaintiff and to cross-claimant 59E59. Pursuant to Federal Rule of Civil

Procedure 8(b), moreover, allegations in the Complaint and Cross-Claims to which no responsive

pleading is required are, and shall be considered, denied. Unless otherwise stated, Martinson

uses the defined terms and phrases set forth in the Complaint.  In doing so Martinson does not admit that the definitions set forth in the Complaint are proper.

Martinson answers only as to allegations directed at Martinson.  Martinson states that no response is required as to the allegations against other parties.  To the extent that a response is required to such allegations, Martinson states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties. Martinson expressly reserves the right to seek to amend and/or supplement this Amended Answer as may be necessary.

Subject to the forgoing, Martinson states as follows:

1.  Martinson denies the allegations contained in Paragraph 1 of the Complaint, except admits that Plaintiff purports to bring this Action against Zoey Martinson and Defendants JONATHAN DAVID MARTIN ("Martin") and SMOKE & MIRRORS COLLABORATIVE ("SMC") related to a script purportedly authored by Plaintiff (the "2005 Script").

2.  Martinson states that the allegations in Paragraph 2 of the Complaint consist of state legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 2, except admits that Plaintiff purports to state claims under the Copyright Act and to invoke the jurisdiction of this Court.

3.  Martinson states that the allegations in Paragraph 3 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 3, except admits that Plaintiff purports to invoke the jurisdiction of this Court.

4.      Martinson states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5.      Martinson denies the allegations in Paragraph 5 of the Complaint, except admits that Martinson is an individual.

6.      Martinson denies the allegations in Paragraph 6 of the Complaint, except admits that Martin is an individual who resides at 275 Lefferts Avenue, Brooklyn, New York, 11225.

7.      Martinson denies the allegations in Paragraph 7 of the Complaint.

8.      Martinson states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9.      The allegations in Paragraph 9 of the Complaint are definitions to which no response is required.

10.     Martinson states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, except admits that (i) Plaintiff attended SUNY Purchase College in 2005 and (ii) Plaintiff purports to have authored the 2005 Script, which includes as characters an HIV-positive woman named Daweti who lives in a shack in Soweto and who has built a coffin, and a character named Thabo.

11.     Martinson states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, except admits that she was a student at SUNY Purchase from 2000–2001 and 2002–2005.

12.     Martinson states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, except admits that the SUNY Purchase College writer's program and actor's program collaborated in 2005.

13. Martinson states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, except admits that she worked with Plaintiff while at SUNY Purchase in 2005.

14. Martinson states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, except admits that she was given a copy of the 2005 Script.

15. Martinson denies the allegations in Paragraph 15 of the Complaint, except admits that while she was a student at SUNY Purchase, she acted as a character named Daweti in public performances of the 2005 Script.

16. Martinson states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Martinson states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, except admits that Plaintiff annexed as Exhibit A to the Complaint a copy of a purported copyright registration, dated September 22, 2014, and bearing registration number Pau 3-750-405.

18. Martinson denies the allegations in Paragraph 18 of the Complaint.

19. Martinson states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, except admits that beginning in June 2013, Martinson posted status updates on her Facebook page announcing various presentations of the play she had authored, entitled *Ndebele Funeral*, in various venues, including at 59E59 Theaters. Martinson objects to the definition "Infringing Play" because it presumes a legal conclusion.

20. The allegations contained in Paragraph 20 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Martinson denies the allegations in Paragraph 20, except admits (i) Martinson wrote a play titled *Ndebele Funeral*; (ii) an initial version of the play Martinson wrote ("Initial Martinson Play") includes characters named Daweti and Thabo, as well as a third character named Jan; (iii) Martinson's Play is set in the informal settlement Kliptown, a particular location within the township of Soweto; (iv) the play Martinson wrote includes a coffin as a prop; and (v) the Initial Martinson Play includes the dialogue "I deserve a good coffin while I'm dying" and "You deserve a good roof while you're living". Further, Martinson avers that (x) the Initial Martinson Play is an original work of authorship that is the subject of a copyright registration No. Pau 3-512-090 with the Copyright Office of the United States dated August 9, 2010, and (y) that in 2015, Martinson updated the Initial Martinson Play, revising certain elements ("Revised Martinson Play").

21. Martinson denies the allegations in Paragraph 21 of the Complaint, except admits that the Initial Martinson Play was presented over a five-performance run, from August 16, 2013, until August 25, 2013, at Teatro Circulo, located at 64 East 4th Street, New York, NY 10003, in connection with the New York International Fringe Festival.

22. Martinson denies the allegations in Paragraph 22 of the Complaint, except admits that the Initial Martinson Play was presented over a five-performance run, from September 19, 2013, until September 29, 2013, at The Players Theatre, located at 115 Macdougal Street, New York, NY 10012, in connection with the Fringe Encore Series.

23. Martinson denies the allegations in Paragraph 23 of the Complaint, except admits that the Initial Martinson Play was presented over a three-performance run, from

January 10, 2014, until January 12, 2014, at The Clarks Studio Theater at Lincoln Center for Performing Arts, located at 70 Lincoln Center Plaza, New York, NY 10023, as part of the South Africa Onstage! series.

24. Martinson denies the allegations in Paragraph 24 of the Complaint, except admits that SMC produced, sold tickets for, and collected revenue from, the Initial Martinson Play over a twenty-five performance run, from September 11, 2014, until October 5, 2014, at the 59E59 Theaters.

25. Martinson states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26. Martinson states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint with respect to Martin, except admits that (i) she received a letter from The Fried Firm regarding the Initial Martinson Play by email on or about September 26, 2014, (the "Cease and Desist Letter") and (ii) the Cease and Desist letter reflects that a copy was sent to 59E59.

27. Martinson denies the allegations in Paragraph 27 of the Complaint, except admits that she responded to the Cease and Desist Letter by telephone on or about September 26, 2014, and by email on or about October 2, 2014.

28. Martinson denies the allegations in Paragraph 28 of the Complaint, except admits upon information and belief that 59E59 responded to the Cease and Desist Letter on or about September 26, 2014, and refers to that response for its contents.

29. Martinson denies the allegations in Paragraph 29 of the Complaint with respect to SMC and further states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint with respect to Martin.

30.     Martinson states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, except admits that on or about December 4, 2014, Plaintiff sent a letter to 59E59 and refers to that letter for its contents.

31.     Martinson denies the allegations in Paragraph 31 of the Complaint, except admits that Feldman, Golinski, Reedy + Senouf, PLLC sent an email message to The Fried Firm on or about October 2, 2014, and refers to that email for its contents.

32.     Martinson denies the allegations in Paragraph 32 of the Complaint, except admits that (i) beginning on or about December 4, 2014, and continuing until on or about May 21, 2015, Jeanne Drewsen communicated with The Fried Firm by phone calls and email messages, and refers to those communications for their contents, and (ii) Martinson sent one letter to Plaintiff in care of The Fried Firm, and refers to that letter for its contents.

33.     Martinson denies the allegations in Paragraph 33 of the Complaint, except admits that on or about May 21, 2015, The Fried Firm sent an email to Martinson with a letter attached, and refers to that email and letter for their contents.

34.     Martinson denies the allegations in Paragraph 34 of the Complaint, except admits that she did not respond to the May 21, 2015, correspondence.

35.     Martinson states that the allegations in Paragraph 35 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 35 of the Complaint, except admits that the Initial Martinson Play was presented at 59E59 from September 11, 2014, until October 5, 2014.

36.     Martinson denies the allegations in Paragraph 36 of the Complaint, except admits that Defendants raised funds through a crowdsourcing platform called INDIEGOGO

primarily to fund arts and advocacy workshops, including three weeks of theater workshops for low-income students and young artists in South Africa, and collaborations with aid organizations, community centers, and theaters, and used remaining funds to offset travel and housing costs for the cast and crew in presenting the Revised Martinson Play.

37.     Martinson denies the allegations in Paragraph 37 of the Complaint, except admits that the Revised Martinson Play was scheduled to be performed at the 969 Festival, at the Summerhall Summer Festival/Edinburgh Festival Fringe, and at The National Arts Festival of South Africa.

38.     Martinson denies the allegations in Paragraph 38 of the Complaint, except admits that www.smokemirrors.org is SMC's website and refers to that website for its contents.

39.     Martinson denies the allegations in Paragraph 39 of the Complaint, except admits the Initial Martinson Play received the NYC Fringe Overall Excellence Award for Best Play in 2013, and that Martinson was selected as a finalist for the Eugene O'Neill Center National Playwrights Conference and the LARK's Playwright's Week.

40.     Martinson denies the allegations contained in Paragraph 40 of the Complaint.

41.     Martinson denies the allegations in Paragraph 41 of the Complaint, except admits that a credit for the Initial Martinson Play on http://www.smokemirrors.org states "Inspired by a short play by Ivan Suazo."

42.     Martinson denies the allegations in Paragraph 42 of the Complaint, except (i) states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to 59E59, (ii) admits that this action has been commenced, and

(iii) admits that Martinson and others on her behalf communicated with Plaintiff Suazo and his attorneys, and refers to that correspondence for its contents.

## FIRST CAUSE OF ACTION
**(Copyright Infringement as against defendants 59E59, Martinson, Martin and SMC)**

43.     Martinson repeats and realleges her responses to the preceding Paragraphs 1 through 42 as though fully set forth herein.

44.     Martinson states that the allegations in Paragraph 44 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 44, except admits that Plaintiff annexed to the Complaint as Exhibit A, a copy of a purported copyright registration, dated September 22, 2014, and bearing registration number Pau 3-750-405.

45.     Martinson states that the allegations in Paragraph 45 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46.     Martinson states that the allegations in Paragraph 46 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 46, except admits that a series of performances of the Initial Martinson Play began on August 11, 2013.

47.     Martinson denies the allegations in Paragraph 47 of the Complaint, except admits that in 2005 she performed in a production of the 2005 Script while a student at SUNY Purchase.

## SECOND CAUSE OF ACTION
### (Contributory Liability as against defendant 59E59)

48.     The second cause of action is not alleged against Martinson, so Martinson need not respond to Paragraph 48 of the Complaint.  To the extent a response is required, Martinson repeats and realleges the responses set forth in the preceding Paragraphs 1 through 47 as though fully set forth herein.

49.     The second cause of action is not alleged against Martinson, so Martinson need not respond to Paragraph 49 of the Complaint.

50.     The second cause of action is not alleged against Martinson, so Martinson need not respond to Paragraph 50 of the Complaint.

51.     The second cause of action is not alleged against Martinson, so Martinson need not respond to Paragraph 51 of the Complaint.

52.     The second cause of action is not alleged against Martinson, so Martinson need not respond to Paragraph 52 of the Complaint.

## THIRD CAUSE OF ACTION
### (Contributory Liability as against defendant 59E59)

53.     The third cause of action is not alleged against Martinson, so Martinson need not respond to Paragraph 53 of the Complaint.  To the extent a response is required, Martinson repeats and realleges the responses set forth in the preceding Paragraphs 1 through 52 as though fully set forth herein.

54.     The third cause of action is not alleged against Martinson, so Martinson need not respond to Paragraph 54 of the Complaint.

55.     The third cause of action is not alleged against Martinson, so Martinson need not respond to Paragraph 55 of the Complaint.

56.     The third cause of action is not alleged against Martinson, so Martinson need not respond to Paragraph 56 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Willful Copyright Infringement)

57.     Martinson repeats and realleges her responses set forth in the preceding Paragraphs 1 through 56 as though fully set forth herein.

58.     The allegations contained in Paragraph 58 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 58 except (i) states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint relating to any other defendants, and (ii) admits that she received the Cease and Desist Letter on or about September 26, 2014, and refers to that letter for its contents.

59.     The allegations contained in Paragraph 59 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 59, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint relating to any other defendants.

## FIFTH CAUSE OF ACTION
### (Common Law Unfair Competition)

60.     Martinson repeats and realleges the responses set forth in the preceding Paragraphs 1 through 59 as though fully set forth herein.

61.     The allegations contained in Paragraph 61 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 61 of the Complaint, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant.

62.     The allegations contained in Paragraph 62 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint relating to any other defendant, and otherwise denies the allegations set forth in Paragraph 62 of the Complaint.

63.     The allegations contained in Paragraph 63 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 63 of the Complaint, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant.

64.     The allegations contained in Paragraph 64 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 64 of the Complaint, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant.

65.     The allegations contained in Paragraph 65 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations contained in Paragraph 65 of the Complaint.

66.     The allegations contained in Paragraph 66 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations contained in Paragraph 66 of the Complaint.

67.     The allegations contained in Paragraph 67 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 67 of the Complaint, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant.

### SIXTH CAUSE OF ACTION
### (False Advertising Under New York's General Business Law)

68.     Martinson repeats and realleges the responses set forth in the preceding Paragraphs 1 through 67 as though fully set forth herein.

69.     The allegations contained in Paragraph 69 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 69 of the Complaint, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant and admits that the Initial and Revised Martinson Plays were advertised.

70.     The allegations contained in Paragraph 70 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 70 of the Complaint, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant.

71.     The allegations contained in Paragraph 71 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 71 of the Complaint, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant.

## SEVENTH CAUSE OF ACTION
### (Deceptive Business Practices Under New York's General Business Law)

72.     Martinson repeats and realleges the responses set forth in the preceding Paragraphs 1 through 71 as though fully set forth herein.

73.     The allegations contained in Paragraph 73 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 73 of the Complaint, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant.

74.     The allegations contained in Paragraph 74 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 74 of the Complaint, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant.

75.     The allegations contained in Paragraph 75 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 75 of the Complaint, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant.

76.     The allegations contained in Paragraph 76 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 76 of the Complaint, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant.

77.     The allegations contained in Paragraph 77 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 77 of the Complaint, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant.

78.     The allegations contained in Paragraph 78 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations in Paragraph 78 of the Complaint, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant.

79.     The allegations contained in Paragraph 79 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations set forth in Paragraph 79 of the Complaint.

### EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)

80.     Martinson repeats and realleges the answers set forth in the preceding Paragraphs 1 through 79 as though fully set forth herein.

81.     Martinson denies the allegations in Paragraph 81 of the Complaint.

82. The allegations contained in Paragraph 82 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Martinson denies the allegations in Paragraph 82 of the Complaint, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant.

## NINTH CAUSE OF ACTION
### (Declaratory Judgment)

83. Martinson repeats and realleges the responses set forth in the preceding Paragraphs 1 through 82 as though fully set forth herein.

84. The allegations contained in Paragraph 84 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Martinson denies the allegations contained in Paragraph 84 of the Complaint.

85. Martinson denies the allegations contained in Paragraph 85 of the Complaint except (i) states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant, (ii) admits that she received the Cease and Desist Letter on or about September 26, 2014; and (iii) received a letter regarding the 2005 Script from The Fried Firm on or about December 4, 2014.

86. Martinson denies the allegations in Paragraph 86 of the Complaint, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant.

87. The allegations contained in Paragraph 87 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Martinson denies the allegations set forth in Paragraph 87 of the Complaint.

88.    Martinson denies the allegations in Paragraph 88 of the Complaint, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant.

## AMENDED ANSWER TO DEFENDANT 59E59's AMENDED CROSS-CLAIMS
### FIRST CROSS-CLAIM
### (Contractual Indemnification)

89.     With respect to Paragraph 92 of the Cross-Claims, Martinson repeats and realleges the responses set forth in the preceding Paragraphs 1 through 88 as though fully set forth herein.

90.     With respect to Paragraph 93 of the Cross-Claims, the first cross-claim is not alleged against Martinson, so Martinson need not respond to Paragraph 93 of the Cross-Claims.

91.     With respect to Paragraph 94 of the Cross-Claims, the first cross-claim is not alleged against Martinson, so Martinson need not respond to Paragraph 94 of the Cross-Claims.

92.     With respect to Paragraph 95 of the Cross-Claims, the first cross-claim is not alleged against Martinson, so Martinson need not respond to Paragraph 95 of the Cross-Claims.

93.     With respect to Paragraph 96 of the Cross-Claims, the first cross-claim is not alleged against Martinson, so Martinson need not respond to Paragraph 96 of the Cross-Claims.

94.     With respect to Paragraph 97 of the Cross-Claims, the first cross-claim is not alleged against Martinson, so Martinson need not respond to Paragraph 97 of the Cross-Claims.

95.     With respect to Paragraph 98 of the Cross-Claims, the first cross-claim is not alleged against Martinson, so Martinson need not respond to Paragraph 98 of the Cross-Claims.

96.     With respect to Paragraph 99 of the Cross-Claims, the first cross-claim is not alleged against Martinson, so Martinson need not respond to Paragraph 99 of the Cross-Claims.

97.     With respect to Paragraph 100 of the Cross-Claims, the first cross-claim is not alleged against Martinson, so Martinson need not respond to Paragraph 100 of the Cross-Claims.

98.     With respect to Paragraph 101 of the Cross-Claims, the first cross-claim is not alleged against Martinson, so Martinson need not respond to Paragraph 101 of the Cross-Claims.

99.     With respect to Paragraph 102 of the Cross-Claims, the first cross-claim is not alleged against Martinson, so Martinson need not respond to Paragraph 102 of the Cross-Claims.

100.    With respect to Paragraph 103 of the Cross-Claims, the first cross-claim is not alleged against Martinson, so Martinson need not respond to Paragraph 103 of the Cross-Claims.

## SECOND CROSS-CLAIM
### (Breach of Contract)

101.    With respect to Paragraph 104 of the Cross-Claims, Martinson repeats and realleges the responses set forth in the preceding Paragraphs 1 through 100 as though fully set forth herein.

102.    With respect to Paragraph 105 of the Cross-Claims, the second cross-claim is not alleged against Martinson, so Martinson need not respond to Paragraph 105 of the Cross-Claims.

103.    With respect to Paragraph 106 of the Cross-Claims, the second cross-claim is not alleged against Martinson, so Martinson need not respond to Paragraph 106 of the Cross-Claims.

104.    With respect to Paragraph 107 of the Cross-Claims, the second cross-claim is not alleged against Martinson, so Martinson need not respond to Paragraph 107 of the Cross-Claims.

105.    With respect to Paragraph 108 of the Cross-Claims, the second cross-claim is not alleged against Martinson, so Martinson need not respond to Paragraph 108 of the Cross-Claims.

**THIRD CROSS-CLAIM**
**(Contribution)**

106.    With respect to Paragraph 109 of the Cross-Claims, Martinson repeats and realleges the responses set forth in the preceding Paragraphs 1 through 109 as though fully set forth herein.

107.    With respect to Paragraph 110 of the Cross-Claims, Martinson admits that Plaintiff alleges in the Complaint that he was injured by the conduct of Martinson, Martin, SMC and 59E59.  Martinson denies Plaintiff's allegations, as set forth above.

108.    The allegations contained in Paragraph 111 of the Cross-claims consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations contained in Paragraph 111 of the Cross-claims, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant.

109.    The allegations contained in Paragraph 112 of the Cross-claims consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations contained in Paragraph 112 of the Cross-claims, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant.

110.    The allegations contained in Paragraph 113 of the Cross-claims consist of legal conclusions to which no response is required.  To the extent a response is required, Martinson denies the allegations contained in Paragraph 113 of the Cross-claims, except states that she is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to any other defendant.

## AMENDED AFFIRMATIVE AND OTHER DEFENSES OF DEFENDANT
## ZOEY MARTINSON

Defendant Zoey Martinson asserts the following affirmative and other defenses. In asserting these defenses, Martinson does not assume the burden with respect to any issue as to which applicable law places the burden on Plaintiffs or cross-claimant 59E59. Each defense is asserted as to all claims asserted against Zoey Martinson in the Complaint and against Zoey Martinson in the Cross-Claims. These defenses are pled in the alternative, and Martinson reserves the right to rely on any affirmative or other defense or claim that may subsequently come to light, and expressly reserves the right to amend her answer to assert such additional defenses or claims.

### FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted against Martinson.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because neither the Initial Martinson Play nor the Revised Martinson Plays is substantially similar to the 2005 Script.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Suazo does not have a valid copyright in the 2005 Script.

### FOURTH DEFENSE

Any use by Martinson or the other defendants of the 2005 Script is permitted pursuant to the fair use doctrine, as codified in 17 U.S.C. § 107. The Initial Martinson Play and the Revised Martinson Play are transformative in nature, and include new meaning, new artistic

expression, and a new message to create new and unique works separate from the 2005 Script. Martinson's actions were always in good faith.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of scènes à faire. The elements of the 2005 Script that Plaintiff alleges were used in Martinson's plays are not substantially similar beyond certain generalized, non-protectable ideas, such as character names common in South Africa and the idea of a character diagnosed with HIV/AIDS living in South Africa.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Martinson's alleged use of any material from the 2005 Script is so insignificant as to be *de minimis*.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of implied license and/or express license.

## EIGHTH DEFENSE

The causes of actions in the Complaint that arise under New York State law are preempted by Section 301 of the Copyright Act, 17 U.S.C. § 301.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, estoppel, laches, or acquiescence.

**TENTH DEFENSE**

Plaintiff's New York State law claims are barred, in whole or in part, under the statute of limitations.

**ELEVENTH DEFENSE**

Any infringement by Martinson was unknowing, not willful, unintentional and in good faith.

**TWELFTH DEFENSE**

Any misrepresentations or falsities made by Martinson were without intent or knowledge.

**THIRTEENTH DEFENSE**

The Cross-Claims fails to state a claim for which relief can be granted against Martinson.

**FOURTEENTH DEFENSE**

The Cross-Claims are barred, in whole or in part, because Martinson has no liability to Plaintiff.

## COUNTERCLAIM AGAINST PLAINTIFF IVAN SUAZO

Defendant and Counter-Claimant Zoey Martinson by her attorneys, Cravath, Swaine & Moore LLP, hereby counterclaims against Plaintiff and Counter-Defendant Ivan Suazo ("Suazo") as follows:

### The Parties

111.    On information and belief, plaintiff Ivan Suazo is a citizen of the State of New York residing at 140 Cadman Plaza West, Apartment 22K, Brooklyn, NY 11201.

112.    Defendant and counter-claimant Martinson is a citizen of the State of New York residing in the Borough of Brooklyn, County of Kings.  Martinson is an actress, playwright, and director who has written several short plays, a web series, and is currently working on a documentary on the Immigration Court System.  Martinson worked as a humanitarian aid worker and teacher with refugees in West Africa.  She has also directed two short films, a web series, and theater productions in Ghana, South Africa, Germany, Los Angeles, and New York City.  Martinson holds a Masters of Fine Arts in Acting from the New York University Tisch School of the Arts.

### Jurisdiction and Venue

113.    This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

114.    This Court has subject matter jurisdiction over this copyright infringement counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

115.    This Court has supplementary jurisdiction over this compulsory counterclaim pursuant to 28 U.S.C. § 1367.

116.    Venue is proper in this judicial district under 29 U.S.C. §§ 1391 and 1400(a).

## COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 106 and 501)

117.     Martinson is the author of the Initial Martinson Play, entitled *Ndebele Funeral*.
Martinson owns the rights and title to the copyright in the Initial Martinson Play as its author.

118.     Martinson filed an application for copyright registration with the United States
Copyright Office for the Initial Martinson Play and received issuance of a registration dated
August 9, 2010, bearing registration number PAu 3-512-090.  A true and correct copy of the
catalog entry for the Initial Martinson Play is annexed hereto as Exhibit A.

119.     Martinson and SMC staged a run of performances of the Initial Martinson Play at
59E59 from September 11, 2014 to October 5, 2014.

120.     In or around September 2014, Suazo and/or his agent recorded and reproduced,
and/or caused to be recorded and reproduced, a substantial portion of a staged performance of the
Initial Martinson Play.

121.     Martinson never authorized Suazo or his agent to record or reproduce any portion
of the performance of the Initial Martinson Play.

122.     Suazo has at no time ever had any license, authorization, permission, or consent to
record the Initial Martinson Play.

123.     Suazo's actions were willful and intentional.

124.     Suazo has infringed Martinson's copyright in the Initial Martinson Play by
making an unauthorized reproduction in violation of Sections 106 and 501 of the Copyright Act,
17 U.S.C. §§ 106 and 501.

125.     As a direct and proximate result of Plaintiff Suazo's actions, Martinson is entitled to statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Zoey Martinson respectfully requests judgment:

(a) dismissing the Complaint in its entirety with prejudice;

(b) dismissing the Cross-Claims in their entirety with prejudice;

(c) awarding to Zoey Martinson costs of defending this action, including reasonable attorneys' fees defending against this action;

(d) granting judgment against Suazo for copyright infringement;

(e) awarding Martinson statutory damages, plus interest, constituting the maximum allowable statutory damages;

(f) awarding Martinson treble damages or profits;

(g) preliminarily and permanently enjoining and restraining Plaintiff and Counter-Defendant, his agents, employees, and attorneys and all those acting in concert with them from:

(i)  utilizing or depicting Martinson's work in any medium;

(ii)  stating directly or by implication that the Initial or Revised Martinson Play is that of Plaintiff and Counter-Defendant Suazo;

(h) requiring Plaintiff and Counter-Defendant Suazo to correct all erroneous impressions that have been created concerning the nature, characteristics, ownership or authorization regarding the Initial and Revised Martinson Plays including, without limitation, sending of corrective notifications;

(i) awarding Martinson reasonable attorneys' fees and costs of suit; and

(j) granting such other relief that the Court deems just and proper.

Dated: October 23, 2015

/s/ Alexander J. Scolnik

David Marriott
Alexander J. Scolnik
Stefan H. Atkinson
  CRAVATH, SWAINE & MOORE LLP
  825 Eighth Avenue
  New York, NY 10019
  (212) 474-1000
  dmarriott@cravath.com
  ascolnik@cravath.com
  satkinson@cravath.com

*Attorneys for Zoey Martinson*